UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC J. GRAY, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:10-CV-1656-TIA |
| | ) |
| DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Eric J. Gray, Sr. for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition for failure to exhaust available state remedies.

**The petition**

Petitioner, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. On July 13, 2010, petitioner was convicted in the St. Louis County Circuit Court of assault in the second degree. He was sentenced on August 26, 2010. Petitioner filed a notice of

appeal on September 2, 2010.

## Discussion

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. Petitioner states that he is presently pursuing a direct appeal, and thus, he has available state procedures he must exhaust before filing a habeas corpus petition in federal court.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #3] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondents, because it appears that petitioner has not yet exhausted his available state remedies.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for failure to exhaust available state remedies. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action, without

prejudice.

        Dated this 27th day of September, 2010.


                              **/s/ Jean C. Hamilton**
                              **UNITED STATES DISTRICT JUDGE**